SCPW-20-0000358

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

YANLI XU; NAOMI HASEGAWA; KAZUHIRO ISHIDA; ATSUSHI MORITA; JUBEE AIZAWA; KASUMI ISHIDA; TATSUTO EHARA; MACOTO ISHIDA; HUN-DONG YU; LILI WU; TAO JIANG; CHUANJIAO YU; TIANGE YANG; XIAOMIN HUANG; PINMEI WANG; XIAOHUI WU; YUYANG JING; LI WANG; DONG ZHANG; KE YUAN; WEI JIANG; XIUJUAN LI; SONGHUA ZHANG; YIHAO XU; WEI WANG; RUIGANG TAN; and JING LIU, Petitioners,

vs.

THE HONORABLE DEAN E. OCHIAI, Judge of the Circuit Court of the First Circuit, State of Hawai‘i, Respondent Judge,

and

ZHONG FANG aka JOHNSON FANG; MIN HU aka MICHELLE HU; ZHE FANG aka JAY FANG; KIAYU WANG aka JIAJIA WANG; LAMEI FANG; USA REALTY CONSTRUCTION GROUP INC.; CALIFORNIA INVESTMENT REGIONAL CENTER LLC; CALIFORNIA REGIONAL CENTER LLC; WUHAN WESTERN U.S. INVESTMENT IMMIGRATION CONSULTANT INC.; AMERICAN INVESTMENT IMMIGRATION FUND; HAWAII CITY PLAZA LP; HAWAII OCEAN PLAZA LP; LOS ANGELES CITY PLAZA LP; LA VALLEY GARDEN PLAZA LP; and 9920 VALLEY BLVD LP, Respondents.

ORIGINAL PROCEEDING
(CIVIL NO. 1CCV-19-0002169)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioners' petition for writ of mandamus, filed on May 6, 2020, the documents attached thereto and submitted in support thereof, and the record, it appears that

petitioners fail to demonstrate that they have a clear and indisputable right to the requested relief and that they lack alternative means to seek relief. Petitioners, therefore, are not entitled to the requested extraordinary writ. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Wong v. Fong, 60 Haw. 601, 604, 593 P.2d 386, 389 (1979) (ordinarily, a writ of mandamus is invoked in exceptional circumstances amounting to judicial usurpation of power); Honolulu Adv., Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of mandamus is meant to restrain a judge of an inferior court from acting beyond or in excess of his or her jurisdiction). Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, May 22, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

